Alvin Hawkins, J.,
delivered the opinion of the Court.
A motion was entered in the Circuit Court of Smith County, at its November Term, 1868, on the 7th day of December, 1868, in favor of the State against Faust, as Sheriff of "Wilson County, and others, alleged to be his *110 sureties on his official bond, for failing to return an execution issued on the 24th day of September, 1868, upon a judgment rendered at the July Term, 1868, of said Court, in favor of The State and against David Mason and W. D. F. Smith, for fifty dollars and costs; which, it is alleged in the motion, was directed and delivered to said Sheriff, and was returnable to said November Term of said court.
The motion was continued at that term by consent, and at the next term upon affidavit of the defendant, Faust; and at the July Term, 1869, of said court, the defendant filed what is termed in the record, a plea in abatement, in which it is alleged that, on the 23d day of November, 1868, defendant, Faust, was, and has since been, a citizen and Sheriff of Wilson County; and that no legal or valid notices of this motion has been served upon him, as required by law.
The Attorney-general for the State demurred to this plea upon the ground that the motion having been made at the term to which the execution was returnable, no motion was necessary.
Upon joinder in demurrer by the defendant, the Court overruled the demurrer, and pronounced judgment that the motion be abated, and that the defendants recover of the plaintiffs the costs. From which the Attorney-general has appealed in error to this Court.
I think the action of the Circuit Court is clearly erroneous.
Code, section 3594 provides, that “judgment by motion may be had against any Sheriff, Coroner or Con *111 stable, or other executive officer, to whom an execution is directed, and by him received, for the amount due upon such execution, and twelve and one-half per cent, damages in the following cases:
“When he fails to make due and proper return of such execution,” section 3583 provides that “a motion may be made by the party aggrieved or his legal representatives, against the person in default, and such other peiv sons made liable with him, as may be in existence at the time of the motion.”
And by section 3585, it is declared: “No notice of the motion is required if made at the return term of the process in a court of record, when the cause of action is official delinquency.”
In this case, the motion was made at the return term of the process in a court of record, and “the cause of motion is official delinquency.”
I think it is clear, therefore, no notice was necessary, unless the case falls within some of the exceptions made by statute.
Section 3599, provides that, in case an execution be sent to an officer by mail, the certificate of the Clerk that it was so sent will be prima fade evidence that it was received by the officer, unless he state, under oath in writing, that he never received it; and in such case, the officer shall have notice of such motion.
But it does not appear that the execution in this instance was sent to the Sheriff by mail. Upon the other hand, it is alleged by the motion that it was delivered to him; and this allegation is not controverted.
*112 Then, from all that appears in this record, the case does not fall within the exception of the statute, and no notice was necessary.
If no notice had been given, and the defendant had not waived notice by entering his appearance, and it had appeared by the certificate of the clerk or otherwise, that the execution had been sent to the defendant by mail, and there had been no other evidence that it in fact came to his hands, the plaintiff would not have been entitled to recover.
But there is another ground upon which the judgment must be reversed.
The record shows that the motion was continued by consent at the term at which it was entered, and that at the next succeeding term it was continued on the affidavit of the defendant.
The plea of want of notice was not filed until the second term after the term at which the motion was entered.
We will not say that the defendant might not have availed himself of this defense by proper plea in abatement, if the case fell within the exception made by the statute at his first appearance. Nor do we express any opinion upon that question; but, having made his application at the term at which the motion was entered, and consented to a continuance; and again at the the succeeding term having made his appearance and procured a continuance of the motion upon his affidavit, he must be held- to have received the notice, if any had been necessary.
*113 Therefore, the defense set up by the plea as matter in abatement, comes in too late, upon well settled principles applicable to pleas in abatement.
The judgment of the Circuit Court will be reversed, the demurrer allowed, and the cause remanded to be proceeded in.